UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JUAN PEREZ
    Plaintiff,

v.                              Case No.: 6:20-cv-1720

FIESTA AZUL TEQUILA HOUSE, LLC
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN PEREZ, (hereinafter also referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, FIESTA AZUL TEQUILA HOUSE LLC, a Florida Limited Liability Company,("TEQUILA HOUSE") and states as follows:

### *Introduction*

1. This is an action by the Plaintiff against his former employer for unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

### *Parties, Jurisdiction, and Venue*

2. Plaintiff, JUAN PEREZ, is a resident of Brevard County, Florida

3. Defendant, FIESTA AZUL TEQUILA HOUSE LLC ("TEQUILA HOUSE") is a Florida Company, registered and conducting business in Brevard County, Florida.

4. Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

5. At all times relevant, Defendant, TEQUILA HOUSE, was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees handling, selling,

or otherwise working on goods or materials that have been moved in or produced for commerce and its annual gross volume of sales made or business done is not less than $500,000.

6. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

7. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC to represent his interest in this matter, and Plaintiff has agreed to pay, said firm a reasonable attorney's fee for its services.

*General Allegations*

8. At all times relevant, Defendant, TEQUILA HOUSE, did business as a restaurant at 1700 Evans Rd, Melbourne, FL 32904.

9. At all times relevant, Defendant, TEQUILA HOUSE, was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and its annual gross volume of sales made or business done is not less than $500,000.

10. Defendant was Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

11. Plaintiff was a non-exempt employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

12. Plaintiff worked for the Defendant from February 15, 2020 through June 15, 2020, except for a 6-week period during the COVID-19 pandemic.

13. When Plaintiff worked for the Defendant, he worked six (6) days per week, thirteen (13) hours per day, totaling 78 hours per workweek.

14. Mr. Perez was compensated at a rate of $1,580.00 every two weeks.

15. Plaintiff never received overtime compensation at a rate of one- and one-half times his regular rate for each hour worked over 40 during a workweek.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION FLSA

16. Plaintiff re-alleges and incorporates paragraphs 1 through 15 of this Complaint, as if set forth in full herein.

17. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per week.

18. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

19. Plaintiff estimates that he worked 418 overtime hours but was not paid time and one-half his regular rate for those hours.

20. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

21. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

22. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, for all damages to which he may be entitled, including, but not limited to:

    a. Judgment for unpaid overtime compensation;

    b. Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.

      c.      An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

      d.      All other damages to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 21st day of September 2020.

ARCADIER, BIGGIE & WOOD, PLLC.

*/s/ Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Maurice Arcadier, Esquire
Florida Bar No. 0131180
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: Office@ABWlegal.com
Secondary Email: Wood@ABWlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075