**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUAN PEREZ,**

      **Plaintiff,**

v.                                               **Case No:   6:20-cv-1720-Orl-40EJK**

**FIESTA AZUL TEQUILA HOUSE,**
**LLC,**

      **Defendant.**
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default as to Defendant Fiesta Azul Tequila House, LLC (the "Motion"), filed October 20, 2020. (Doc. 10.) For the reasons stated below, the Motion is due to be denied without prejudice.

**I.    BACKGROUND**

Plaintiff instituted this case pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, on September 21, 2020. (Doc. 1.) Three days later, Plaintiff served Defendant by leaving a copy of the Complaint and summons with Edurdo Casea. (Doc. 1.) As more than 21 days has passed since serving Defendant, Plaintiff filed the instant Motion. (Doc. 10.)

**II.   LEGAL STANDARD**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service,

there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

### III. DISCUSSION

Defendant has not responded to Plaintiff's Complaint or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether Plaintiff perfected service on Defendant.

For corporate defendants, the Federal Rules provide that service can be made by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on corporations and limited liability companies by serving the business entity's registered agent. *See* Fla. Stat. §§ 48.062(1), 48.081(3)(a).

The Return of Service for Defendant provides that the service processor left a copy of the summons and Complaint with Edurdo Casea at 1700 Evans Road, Melbourne, Florida 32908. (Doc. 9.) Therein, the service processor indicated that Casea is the "manager" for Defendant. (*Id.*) Plaintiff contends that service was perfected because Casea is Defendant's registered agent. (Doc. 10, ¶ 2.) However, Plaintiff fails to inform the Court how he was able to determine that Casea, who was designated by the service processor as a manager, is also the registered agent for Defendant. (*See* Doc. 10.) Without more information, the Court cannot find that service of process was perfected on Defendant.

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 10) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record