UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JUAN PEREZ,

        Plaintiff,

v.                                                     Case No. 6:20-cv-01720-PGB-EJK

FIESTA AZUL TEQUILA HOUSE, LLC,

        Defendants.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, FIESTA AZUL TEQUILA HOUSE, LLC, (Defendant) through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 8 and 12 hereby answer Plaintiff's Complaint (Doc. 1) and assert defenses and affirmative defenses as follows:

### INTRODUCTION

1. Defendant admits that this action is being brought under the Fair Labor Standards Act ("FLSA"). Defendant denies all further allegations in Paragraph 1 of the Complaint.

### PARTIES, JURISDICTION, AND VENUE

2. Defendant is without knowledge and therefore denies the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits, for venue purposes only, this case is properly before this Court.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant is without knowledge and therefore denies the allegations in Paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION FLSA

16. Defendant re-asserts and readopts its responses to Paragraphs 1 through 15 as though set forth fully herein.

17. Defendant states that the overtime provisions of the FLSA speak for themselves and denies all remaining allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies that Plaintiff is entitled to damages as alleged in Paragraph 22 of the Complaint.

Defendant denies all allegations and/or entitlement to relief set forth in the unnumbered WHEREFORE Paragraph following Paragraph 22 of the Complaint, including all subparts (a - d) therein.

## DEMAND FOR JURY TRIAL

Defendant denies that Plaintiff will present any issue for a jury to try.

## GENERAL DENIAL

Any and all allegations not expressly admitted are denied.

## FIRST DEFENSE

Plaintiff's claims are barred because Plaintiff was paid all wages due.

## SECOND DEFENSE

Even crediting the allegations of the Complaint, the activities for which Plaintiff were allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimis, and are not compensable under the FLSA or any other applicable law or regulation.

## THIRD DEFENSE

To the extent Plaintiff is entitled to damages, Defendant is entitled to a credit or set off against amounts overpaid in the course of their employment.

## FOURTH DEFENSE

Some or all of the disputed time for which Plaintiff seeks recovery of wages purportedly owed were spent engaged in activities which were not hours worked under the FLSA and other applicable laws and were not an integral and indispensable part of their principal activities.

## FIFTH DEFENSE

Plaintiff's Complaint is barred in whole or in part because, based on the hours worked, Plaintiff is not entitled to overtime compensation under the FLSA.

## SIXTH DEFENSE

Plaintiff's claims for liquidated damages are barred to the extent Defendant acted in good faith and had reasonable grounds for believing its actions were not in violation of the FLSA.

## SEVENTH DEFENSE

Plaintiff cannot establish that any acts or omissions of Defendant was in willful violation of the FLSA.

## EIGHTH DEFENSE

Because Plaintiff's Complaint is phrased in vague and conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Dated this 3rd day of November, 2020.

        Respectfully submitted,
Spire Law, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By: /s/Jesse I. Unruh
    Jesse I. Unruh, Esq.
    Florida Bar No. 91121
    jesse@spirelawfirm.com
    lauren@spirelawfirm.com

Attorney for Defendant | FIESTA AZUL TEQUILA HOUSE, LLC

## CERTIFICATE OF SERVICE

I hereby Certify that on this 3rd day of November, 2020., the foregoing was electronically filed with the Court by using the Middle District of Florida's CM/ECF portal, which will send a notice of electronic filing to: Joseph C. Wood, Esq. and Maurice Arcadier, Esq. at office@abwlegal.com; wood@abwlegal.com at ARCADIER, BIGGIE & WOOD, PLLC; 2815 W. New Haven, Suite 304, Melbourne, FL 32904.

        /s/ Jesse I. Unruh
        Attorney

www.spirelawfirm.com
Employment Attorneys